# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JAMES R. WASHINGTON,

                Plaintiff,

v.

WISCONSIN DEPARTMENT OF CORRECTIONS, KEVIN A. CARR, JARED HOY, MELISSA ROBERTS, CHRISTOPHER STEVENS, and JOHN KIND,

                Defendants.

Case No. 24-CV-391-JPS

**ORDER**

    Plaintiff, James R. Washington, a prisoner proceeding pro se and confined at Green Bay Correctional Institution ("GBCI"), filed a civil rights complaint along with multiple other plaintiffs. ECF No. 1. On January 7, 2025, the Court severed the plaintiffs' case and Plaintiff Washington now proceeds as the sole plaintiff in this case. ECF No. 52. In doing so, the Court granted Plaintiff's motion to proceed without prepayment of the filing fee and ordered Plaintiff to file an amended complaint as to his individual claims. *Id.* After multiple extensions, Plaintiff filed an amended complaint on April 3, 2025. ECF No. 57. This order screens the amended complaint.

1.     **FEDERAL SCREENING STANDARD**

    Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief

may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

2. **PLAINTIFF'S ALLEGATIONS**

Plaintiff brings him amended complaint against Defendants Wisconsin Department of Corrections ("DOC"), Kevin A. Carr ("Carr"), Jared Hoy ("Hoy"), Melissa Roberts ("Roberts"), Christopher Stevens

("Stevens"), and John Kind ("Kind"). ECF No. 57. Plaintiff alleges that Defendants subjected him to cruel and unusual conditions of confinement during a lock-down period at GBCI. *Id.* at 2. On July 25, 2023, a memorandum was sent indicating that the lock down would only be temporary. *Id.* Instead, the lock down lasted seven months and Plaintiff was housed in a cramped cell with another inmate for twenty-four hours a day with the exception of one shower each week. *Id.* at 2, 5. During these seven months, the size of Plaintiff's cell prevented him from engaging in any meaningful exercise. *Id.* at 5. Plaintiff filed inmate complaints putting Defendants on notice of his inability to exercise. *Id.* GBCI was over capacity by over 400 inmates and the prison had to turn single cells into double cells. *Id.* Plaintiff suffered physically and mentally from not being able to exercise for the prolonged period. *Id.* Carr approved Warden Steven's request to lock down the prison.

During the modified movement period, Plaintiff became aware that he was being treated differently than other inmates who were similarly situated. *Id.* at 6. The South Hall remained on lock down while other housing locations were allowed recreation. *Id.* Defendants were all aware that the lock downs were a result of staff shortages and overcrowding in the prison. *Id.* Defendants forced Plaintiff to eat in a cramped cell right next to the toilets. *Id.* Plaintiff had to wait several minutes for his toilet to flush, and urine and feces were therefore in his cell while eating. *Id.* Plaintiff also had to deal with a rodent infestation throughout South Hall. *Id.* Rodents would enter Plaintiff's cell multiple times a day and left droppings and urine in Plaintiff's cell. Stevens was aware of the rodent infestation but did nothing to fix the problem. *Id.* at 7.

Defendants are aware of asbestos inside GBCI. *Id.* at 11. Defendants say the asbestos is only in areas not accessible to inmates and that there will be no negative effects if left undisturbed. *Id.* This is concerning to Plaintiff, however, because there is constantly dust blowing around the institution. *Id.*

3. **ANALYSIS**

The Court finds that Plaintiff may proceed on an Eighth Amendment conditions of confinement claim against Carr, Hoy, Roberts, Stevens, and Kind. A prisoner's claim of unconstitutional conditions of confinement is analyzed under the Eighth Amendment's cruel and unusual punishment clause. *See Farmer v. Brennan*, 511 U.S. 832, 834 (1994). A prisoner is entitled to live in conditions that do not amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Detainees are entitled to be confined under humane conditions that provide for their "basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]" *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

To establish a constitutional violation with respect to an inmate's living conditions, he must be able to demonstrate both: (1) the conditions were objectively so adverse that they deprived him "of the minimal civilized measure of life's necessities," and (2) the defendants acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834). "Life's necessities include shelter, heat, clothing, sanitation, and hygiene items." *Woods v. Schmeltz*, No. 14-CV-1336, 2014 WL 7005094, at *1 (C.D. Ill. Dec. 11, 2014) (citing *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)); *see also Budd v. Motley*, 711 F.3d 840, 842–43 (7th Cir. 2013). The Seventh Circuit has made

clear that preventing inmates from exercising for prolonged periods may violate the Eighth Amendment. *James v. Pfister*, 708 F. App'x 876, 879 (7th Cir. 2017) (citing *Turley v. Rednour*, 729 F.3d 645, 652 (7th Cir. 2013)).

Here, Plaintiff has sufficiently stated an Eighth Amendment conditions of confinement claim against Carr, Hoy, Roberts, Stevens, and Kind for denying him exercise for a period of months and for subjecting him to unsanitary living conditions. Plaintiff alleges that he was confined to his cell twenty-four hours per day as a result of the lockdown and that it was too small to do any meaningful exercise. Plaintiff alleges serious physical and mental harm as a result of no exercise. Plaintiff also alleges a rodent infestation in his living area and being forced to eat near urine and feces. Plaintiff notified Defendants of his issues, and they turned a blind eye to his suffering. At the screening stage, the Court therefore finds Plaintiff's allegations sufficient to proceed against Carr, Hoy, Roberts, Stevens, and Kind for an Eighth Amendment conditions of confinement claim. The Court notes that Plaintiff does not state a claim for deliberate indifference against these defendants with respect to the asbestos allegations. Plaintiff does not allege that Defendants were aware of any danger to inmates from asbestos and Plaintiff does not allege that he was actually harmed from asbestos.

The Court will not, however, allow Plaintiff to proceed against the DOC. "[S]tates and their agencies are not 'persons' subject to suit under 42 U.S.C. § 1983." *Johnson v. Supreme Court of Ill.*, 165 F.3d 1140, 1141 (7th Cir. 1999). This means that "[n]either the State of Wisconsin nor the State's Department of Corrections is a proper defendant." *Andreola v. Wisconsin*, 171 F. App'x 514, 515 (7th Cir. 2006). As such, the Court will dismiss DOC from this action for the failure to state a claim against it.

### 4. CONCLUSION

In light of the foregoing, the Court finds that Plaintiff may proceed on the following claim pursuant to 28 U.S.C. § 1915A(b):

**Claim One:** Eighth Amendment conditions of confinement claim against Defendants Carr, Hoy, Roberts, Stevens, and Kind.

The Court has enclosed with this Order guides prepared by court staff to address common questions that arise in cases filed by prisoners. These guides are entitled, "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions." They contain information that Plaintiff may find useful in prosecuting his case.

Defendants should take note that, within forty-five (45) days of service of this Order, they are to file a summary judgment motion that raises all exhaustion-related challenges. The Court will issue a scheduling order at a later date that embodies other relevant deadlines.

Accordingly,

**IT IS ORDERED** that Defendant DOC be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that under an informal service agreement between the Wisconsin Department of Justice and this Court, a copy of the amended complaint and this Order have been electronically transmitted to the Wisconsin Department of Justice for service on Defendants **Carr, Hoy, Roberts, Stevens, and Kind**;

**IT IS FURTHER ORDERED** that under the informal service agreement, those Defendants shall file a responsive pleading to the amended complaint within sixty (60) days;

**IT IS FURTHER ORDERED** that Defendants raise any exhaustion-related challenges by filing a motion for summary judgment within forty-five (45) days of service;

**IT IS FURTHER ORDERED** if Defendants contemplate a motion to dismiss, the parties must meet and confer before the motion is filed. Defendants should take care to explain the reasons why they intend to move to dismiss the amended complaint, and Plaintiff should strongly consider filing a second amended complaint. The Court expects this exercise in efficiency will obviate the need to file most motions to dismiss. Indeed, when the Court grants a motion to dismiss, it typically grants leave to amend unless it is "certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Harris v. Meisner*, No. 20-2650, 2021 WL 5563942, at *2 (7th Cir. Nov. 29, 2021) (quoting *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015)). Therefore, it is in both parties' interest to discuss the matter prior to motion submissions. Briefs in support of, or opposition to, motions to dismiss should cite no more than ten (10) cases per claim. No string citations will be accepted. If Defendants file a motion to dismiss, Plaintiff is hereby warned that he must file a response, in accordance with Civil Local Rule 7 (E.D. Wis.), or he may be deemed to have waived any argument against dismissal and face dismissal of this matter with prejudice; and

**IT IS FURTHER ORDERED** that the Clerk's Office mail Plaintiff a copy of the guides entitled "Answers to Prisoner Litigants' Common Questions" and "Answers to Pro Se Litigants' Common Questions," along with this Order.

Dated at Milwaukee, Wisconsin, this 5th day of June, 2025.

BY THE COURT:

_____

J. P. Stadtmueller
U.S. District Judge